**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | **:** | |
| | **:** | **BANKRUPTCY NO. 10-11272-TPA** |
| **David L. Patsy and** | **:** | |
| **Kim L. Patsy,** | **:** | **CHAPTER 13** |
| Debtors | **:** | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | **:** | |
| **David L. Patsy and** | **:** | |
| **Kim L. Patsy,** | **:** | |
| Plaintiffs | **:** | **ADVERSARY NO.** |
| | **:** | |
| **vs.** | **:** | **DOCKET NO. 1** |
| | **:** | |
| **U.S. Bank National Association,** | **:** | |
| | **:** | |
| Defendant | **:** | |

**COMPLAINT PURSUANT TO 11 U.S.C. §506(a) AND**
**BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE**
**OF CREDITOR'S ALLOWED SECURED CLAIM**

**AND NOW** come the Plaintiffs, DAVID L. PATSY and KIM L. PATSY, by and through their attorney, JASON J. MAZZEI, ESQUIRE, of the law firm of MAZZEI & ASSOCIATES, and files the within COMPLAINT TO DETERMINE THE VALUE OF CREDITOR'S ALLOWED SECURED CLAIM AND EXTENT OF CREDITOR'S LIEN OR OTHER INTEREST IN PROPERTY, and in support thereof aver as follows:

**I. PRELIMINARY STATEMENT.**

1. This is an action under the Bankruptcy Code, 11 U.S.C. §101 et seq., to determine the value of creditor's allowed secured claim and extent of creditor's lien in Debtors' residence located at 602 Robinson Street, East Brady, Pennsylvania 16028.

2. This Court has jurisdiction under 28 U.S.C. §1334. This is a core proceeding.

**II. PARTIES.**

3. Plaintiffs are David L. Patsy and Kim L. Patsy, adult individuals presently residing at 602 Robinson Street, East Brady, Pennsylvania 16028.

4. Plaintiffs are the Debtors in the above-captioned bankruptcy case.

5. Defendant, U. S. Bank National Association, is a financial institution organized and existing under the laws of the state of Iowa, and, at all relevant times hereto, was doing business in the Western District of Pennsylvania, and utilized the mailing address c/o GMAC Mortgage, LLC 3451 Hammond Avenue, Waterloo, Iowa 50702.

### III.  FACTUAL ALLEGATIONS.

6. On July 12, 2010, the Debtors filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code.

7. At the time the Debtors filed the bankruptcy petition, the value of the residence located at 602 Robinson Street, East Brady, Pennsylvania 16028, was Forty-two Thousand Dollars ($42,000.00), according to an appraisal conducted on August 2, 2010 by Gregory W. Smathers, a Pennsylvania State Certified Appraiser.  A copy of said appraisal is attached hereto and marked as Exhibit "A".

8. The Debtors' interest in the said real property is subject to a lien in favor of Beneficial Consumer Discount Company DBA Beneficial Mortgage Co. of Pennsylvania (Hereinafter referred to as "Beneficial") in the amount of Fifty-eight Thousand Seven Hundred Sixty-three Dollars and Forty-one Cents ($58,763.41), according to the Proof of Claim filed by Beneficial in this case (See Exhibit "B").

9. The lien of Beneficial/HFC exceeds the value of the real property by Sixteen Thousand Seven Hundred Sixty-three Dollars and Forty-one Cents ($16,763.41).

10. The Debtor's interest in the said real property is subject to a secondary lien in favor of U.S. Bank National Association, the Defendant herein, in the amount of Thirty-One Thousand Two Hundred Ninety-Four Dollars and Twenty-Six Cents ($31,294.26), according to the Proof of Claim filed by the Defendant in this case (See Exhibit "C").

### IV.  STATEMENT OF THE CLAIMS.

11.  The collateral does not have sufficient equity for U.S. Bank National Association's lien to be treated as a secured claim.

12.  The claim of U.S. Bank National Association should be treated as a general, unsecured claim.

**WHEREFORE,** the Debtors respectfully pray that this Honorable court:

a)  Determine that the claim of U.S. Bank National Association be treated as a general, unsecured claim; and

b)  Order that U.S. Bank National Association immediately satisfy the outstanding mortgage upon the successful completion of the Chapter 13 Plan at no cost to the Debtors.

c)  Direct that this Order will not survive if either the Debtors do not complete the Chapter 13 Plan, or if the Debtors convert this case to a case under chapter 7.

d)  Order such other and further relief as is just and proper.

Respectfully submitted,

Date:   January 28, 2011                      /s/ Jason J. Mazzei
                                              Jason J. Mazzei, Esquire
                                              PA I.D. # 83775
                                              MAZZEI & ASSOCIATES
                                              Professional Office Building
                                              432 Boulevard of the Allies
                                              Pittsburgh, PA  15219
                                              Tel: 412.765.3606
                                              Fax: 412.765.1917
                                              Email: jmazzei@debt-be-gone.com
                                              Attorney for Debtors/Plaintiffs